FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

· 2016 AUG 24  P 4: 02

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |  |
|---|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, 8403 Arlington Boulevard, Suite 300 Fairfax, VA 22031 | ) ) ) ) ) ) | Civil Action No. 1116 - cv - 1091 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| AIRCO PLUMBING & SHEET METAL, INC., 916 East Omega Street Henrietta, TX 76365 | ) ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff, the Board of Trustees of the Sheet Metal Workers' National Pension Fund (the "Fund"), avers as follows:

### Introduction

1.     This claim is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 *et seq.* ("MPPAA")(1982).  The Fund seeks a judgment awarding withdrawal liability, interest, liquidated damages, and attorneys' fees and costs incurred by an employer as a result of the employer's withdrawal from the Fund, a multiemployer pension plan.

### Jurisdiction and Venue

2.     This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).  Venue lies in this Court under

Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Fund is administered at its principal place of business in Fairfax, Virginia.

**Parties**

3.     Plaintiff is comprised of individual trustees who are "fiduciaries" with respect to the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are collectively the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

4.     The Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5.     Pursuant to Sections 502(a)(3), 4221(b)(1), and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1401(b)(1), and 1451(a)(1), Plaintiff is authorized to bring this action on behalf of the Sheet Metal Workers' National Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

6.     The Trustees administer the Fund at 8403 Arlington Boulevard, Suite 300, Fairfax, VA 22031.

7.     At all times pertinent to this action, Airco Plumbing & Sheet Metal, Inc. ("Defendant") has been an employer within the meaning of 29 U.S.C. §152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

8.     At all times pertinent to this action, Defendant was a Texas corporation with a principal place of business at 916 East Omega Street, Henrietta, Texas, 76365.

## Allegations in Support of Relief Sought

9.     The Fund incorporates the foregoing paragraphs as if fully stated herein.

10.     Until on or about February 20, 2015, Defendant employed employees represented for the purposes of collective bargaining by Sheet Metal Workers' International Association Local Union No. 68 ("Local Union No. 68"), a labor organization representing employees in an industry affecting interstate commerce.

11.     At all times pertinent to this action, Defendant was signatory and bound by a collective bargaining agreement with Local Union No. 68 ("Agreement").

12.     By this Agreement and at all times pertinent to this action, Defendant was obligated to contribute to the Fund on behalf of its covered employees employed in any jurisdiction of the Sheet Metal Workers' International Association.

13.     By this Agreement and at all times pertinent to this action, Defendant was obligated to abide by the terms and conditions of the Agreement and Declaration of Trust establishing the Fund and any amendments thereto ("Trust Document"), and to submit monthly reports and payments to the Fund.

14.     The Fund determined that on or about February 20, 2015, Defendant effected a "complete withdrawal" from the Fund as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

15.     The Fund determined that as a result of this complete withdrawal, Defendant incurred withdrawal liability to the Fund in the amount of $818,412.00, as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

16.     On or about October 5, 2015, Defendant received a Notice and Demand for payment of withdrawal liability issued by the Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

17.     This Notice and Demand for payment informed Defendant that its withdrawal liability was $818,412.00, payable in 43 quarterly payments of $26,346.60 and a final payment of $5,004.25. The Notice and Demand stated the first payment was due on or before October 31, 2015.

18.     On July 28, 2016, the Fund's Trustees determined that there was a substantial likelihood that withdrawal liability payments would not be made due to Defendant's financial condition, including its representation that it does not have sufficient funds to pay the withdrawal liability assessment and because the company has sold a portion of its assets. Accordingly, the Fund's Trustees declared Defendant and all trades or businesses under common control to be in immediate default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

19.     Defendant has not made any payments due under its withdrawal liability schedule. Neither Defendant nor any other trade or business has made any payments due under Defendant's withdrawal liability schedule.

20.     Neither Defendant nor any other trade or business has requested plan sponsor review of the withdrawal liability assessment against Defendant within the time period specified in Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), and are now precluded from doing so.

21.     Neither Defendant nor any other trade or business has initiated arbitration of the withdrawal liability assessment against Defendant within the time period specified in Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), and are now precluded from doing so.

### Count I: Claim against Defendant for Withdrawal Liability

22.     The Fund incorporates the foregoing paragraphs as if fully stated herein.

4

23.    Defendant has failed to pay the withdrawal liability due to the Fund, despite its obligation to do so under the Agreement, the Trust Document and Section 515 of ERISA, 29 U.S.C. § 1145.

24.    ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

25.    Defendant is in default within the meaning of Section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), 29 C.F.R. § 4219.33 and the Trust Document, and the full amount of the withdrawal liability is now due and owing.

26.    By the foregoing conduct, Defendant has violated Section 515 of ERISA, 29 U.S.C. § 1145 and is liable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the remainder of its withdrawal liability in the amount of $818,412.00; interest on the withdrawal liability at the Fund's interest rate of 0.0233%, compounded daily; an amount equal to the greater of interest at the above rate on the withdrawal liability or liquidated damages equal to twenty percent of the withdrawal liability; and the attorneys' fees and costs incurred by the Fund in collection of the delinquent withdrawal liability, including the attorneys' fees and costs of this action.

**WHEREFORE**, the Fund requests a judgment against Defendant, for all amounts due to the Fund at the time this cause reaches judgment and other relief, to wit:

(a)    A judgment against Defendant on behalf of the Fund, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

(i).    $818,412.00 in withdrawal liability;

(iii).    Interest on the delinquent withdrawal liability at the Fund's rate of 0.0233%, compounded daily from the date due through the date paid or the date of judgment, in the minimum amount of $56,154.22;

(iv).    An amount equal to the greater of the interest on the withdrawal liability at the above rate or liquidated damages equal to twenty percent of the withdrawal liability in an amount of at least $163,682.40; and

(v).    The attorneys' fees and costs incurred by the Fund in the collection of the delinquent withdrawal liability, including the attorneys' fees and costs of this action; and

(b)    Such further or different relief as this Court may deem proper and just.

Dated: August 23, 2016

Respectfully submitted,

Christopher M. Leins
VA Bar No. 78742
Attorney for Plaintiff
Slevin & Hart, P.C.
1625 Massachusetts Avenue, Suite 450
Washington, DC  20036
Phone: (202) 797-8700
Fax: (202) 234-8231
cleins@slevinhart.com

20424703v1